DECISION AND JUDGMENT ENTRY
{¶ 1} Brandon Henry ("Appellant") appeals the Pickaway County Court of Common Pleas' denial of his motion to withdraw his guilty plea. He also appeals the sentence imposed by the Pickaway County Court of Common Pleas. Specifically, he argues that the sentence is unconstitutional in light of the Supreme Court of Ohio's decision in State v. Foster (2006),109 Ohio St.3d 1, 845 N.E.2d 470. Because we find that the trial court did not abuse its discretion when it denied the Appellant's motion to withdraw his plea, and we find that the trial court's imposition of non-minimum, consecutive sentences does not violate the Appellant's due process rights or the constitutional protection against ex post facto laws, we affirm the judgment of the trial court.
 I. Facts {¶ 2} On December 16, 2005, the Appellant entered a plea of guilty to aggravated robbery with a firearm specification, a first degree felony in violation of R.C. 2911.01(A)(1), and felonious assault with a firearm specification, a second degree felony in violation of R.C. 2903.11(A)(2). The Pickaway County Court of Common Pleas accepted the guilty plea and entered a judgment entry detailing such on December 20, 2005. On January 31, 2006, the Appellant filed a motion to withdraw his guilty plea before sentencing in accordance with Crim. R. 32.1. On March 8, 2006, the trial court held a hearing on the Appellant's motion. The same day, it denied the motion for lack of good cause, and proceeded to sentencing. The trial court sentenced the Appellant to six years of imprisonment for the aggravated robbery with firearm specification charge, three years for the felonious assault with firearm specification charge, and a mandatory three year sentence for the firearm specification. The trial court ordered the sentences to be served consecutively.
 {¶ 3} Between the Appellant's initial guilty plea and his sentencing hearing, the Supreme Court of Ohio held in State v. Foster, supra, that R.C. 2929.14(B), (C), and (E) were unconstitutional in light ofBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. The trial court sentenced the Appellant based on Foster, supra, which struck those portions of the statute determined to be unconstitutional. The Appellant now appeals the determination of the trial court, asserting the following assignments of error:
 {¶ 4} 1. THE TRIAL COURT ERRED BY DENYING MR. HENRY'S PRESENTENCE MOTION TO WITHDRAW HIS PLEA.
 {¶ 5} 2. THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM, CONSECUTIVE SENTENCES ON MR. HENRY IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION.
 II. Standard of Review {¶ 6} In his first assignment of error, the Appellant contends that the trial court erred when it denied his presentence motion to withdraw his guilty plea. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. State v. Xie (1992),62 Ohio St.3d 521, 584 NE.2d 715, paragraph one of the syllabus. Crim.R 32.1 provides,
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 7} A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.Xie, supra, at 527. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. Id. In order to find an abuse of discretion, we must find that the trial court's ruling was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 III. Argument {¶ 8} In his first assignment of error, the Appellant claims that the trial court improperly denied his presentence motion to withdraw his guilty plea. He asserts that at a preliminary hearing, Lieutenant Dale Parish ("Lieutenant") testified that no traceable information was available regarding the 1992 Oldsmobile allegedly driven by the defendants in the case below, and that the victims in the case did not know any of the defendants. After this hearing, the Appellant changed his plea to guilty. Subsequently, the Appellant learned that the State's evidence submission form listed the alleged victim as the owner of the vehicle. He contends that he moved to withdraw his plea because it was entered into based on the Lieutenant's statements that he was unable to determine ownership of the car.
 {¶ 9} Although the Appellant's assertions may be true, the Appellant does not allude to the reasons the Lieutenant provided for not initially having information regarding the car's owner. First, the Lieutenant testified that the evidence submission form did not contain the owner of the vehicle because the form was merely supposed to give the location where the vehicle was recovered. Second, the question of who actually owned the vehicle was not raised and did not become an issue until after the Appellant entered his guilty plea. Third, the Lieutenant indicated that the name of the vehicle owner was not obtained because it was not an issue in the investigation of the crime or in the prosecution of the offenses at any time. Thus, although the Appellant argues that he would not have entered a guilty plea had this information been available, the information was not actually relevant to the charges levied against him. The information that the Appellant complains about was not available at the preliminary hearing because it was not a necessary part of the investigation. Based on the Lieutenant's testimony, the trial court could properly find that the Appellant was not entitled to withdraw his guilty plea. Therefore, the trial court did not abuse its discretion when it denied the Appellant's motion to withdraw his plea prior to issuing his sentence.
 {¶ 10} In his second assignment of error, the Appellant contends that the trial court violated the due process and ex post facto clauses of the United States Constitution when it imposed non-minimum, consecutive sentences upon him. In Foster, supra, the Supreme Court of Ohio held that certain Ohio felony sentencing statutes violate the Sixth Amendment to the United States Constitution. R.C. 2929.14(B), which required judicial factfinding for more than minimum prison terms, and R.C. 2929.14(E)(4), which required judicial findings for consecutive terms, were amongst the number of statutes deemed unconstitutional in Foster. Foster, supra, at ¶ 99. The consequence of the Court striking down R.C. 2929.14(B) and (E)(4) is that trial courts are no longer required to make findings or give their reasons when imposing prison terms within the basic ranges of 2929.14(A) based upon a jury verdict or an admission of the defendant, or for imposing consecutive sentences. Therefore, the trial court was under no obligation to make specific findings in order to support its imposition of a more than minimum term or consecutive sentences.
 {¶ 11} The Appellant additionally asserts that the remedy outlined inFoster violates the ex post facto and due process clauses of the U.S. Constitution because it effectively increases the presumptive sentences for first time offenders. We disagree with Appellant's assertion. We areo bligated to follow the directive of the Supreme Court of Ohio as set forth in Foster, supra. We are likewise confident that the Court would not direct us to violate the Constitution. See generally U.S. v.Wade (C.A.8 2006), 435 F.3d 829, 832; see also, State v. Newman, Summit App. No. 23038, 2006-Ohio-4082, at ¶ 11. Because we cannot overrule or modify Foster, we accordingly overrule the Appellant's challenges thereto.
 IV. Conclusion {¶ 12} We find that the trial court did not abuse its discretion when it denied the Appellant's motion to withdraw his presentence guilty plea. Additionally, we find that the trial court did not violate the Appellant's due process rights or the constitutional protection against ex post facto laws when it imposed non-minimum, consecutive sentences. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.