OPINION
{¶ 1} Defendant-appellant Lavern Lowe ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas imposing a sentence of eight years incarceration and three years incarceration, to be served consecutively.
 {¶ 2} On November 13, 2002, appellant was indicted by a Franklin County Grand Jury in a five-count indictment on one count of murder, one count of felonious assault, two counts of endangering children, and one count of involuntary manslaughter. Following a jury trial, the jury returned a verdict of guilty to involuntary manslaughter in violation R.C. 2903.04, and endangering children in violation of R.C. 2912.22. The jury was unable to reach a verdict as to the remaining counts, and the trial court declared a mistrial as to those counts. A pre-sentence investigation was ordered. The trial court conducted a sentencing hearing on September 28, 2004, and found, over appellee's objection, that the endangering children and involuntary manslaughter counts merged for purposes of sentencing. Accordingly, the court imposed a single sentence for the two offenses.
 {¶ 3} On November 4, 2004, appellant filed an appeal challenging her conviction, and on November 5, 2004, appellee filed a cross-appeal challenging the trial court's merger of the offenses. On December 13, 2005, this court overruled appellant's assignment of error, sustained appellee's cross-assignment of error, and remanded the matter to the trial court for re-sentencing. On June 1, 2006, the trial court held a sentencing hearing, and imposed the following sentence: eight years incarceration on the involuntary manslaughter conviction, and three years incarceration on the child endangering conviction, to be served consecutively. Appellant was awarded 1,247 days of jail-time credit.
 {¶ 4} Appellant timely appealed, and brings the following two assignments of error for our review:
 Assignment of Error No. 1:
 APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE, THEREBY DENYING APPELLANT HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.
 Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED PLAIN ERROR BY VIOLATING THE EX POST FACTO AND DUE PROCESS CLAUSES OF THE UNITED STATES CONSTITUTION IN RESENTENCING APPELLANT.
 {¶ 5} In her first assignment of error, appellant argues that her attorney's failure to raise an objection pursuant to Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, at her sentencing hearing constituted ineffective assistance of counsel. In order to establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that his trial counsel's performance was so deficient that it was unreasonable under prevailing professional norms.Strickland v. Washington (1984), 466 U.S. 668, 687, 688, 104 S.Ct. 2052. The defendant must then establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 693.
 {¶ 6} Here, appellant's Blakely argument clearly fails.Blakely stems from Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, wherein the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Otherwise, the sentence violates a defendant's right to a jury trial under theSixth Amendment to the United States Constitution andFourteenth Amendment due process guarantees. Apprendi, at 476-478, 497. InBlakely, the United States Supreme Court defined "`statutory maximum' for Apprendi purposes" as "the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." Blakely, at 303. (Emphasis sic.)
 {¶ 7} On February 27, 2006, the Supreme Court of Ohio decided the applicability of Blakely to Ohio's felony sentencing laws in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio concluded that portions of Ohio's felony sentencing statutes violate the Sixth Amendment to the United States Constitution in the manner set forth in Blakely. Foster, at 17-24. As a remedy, the Supreme Court of Ohio severed the offending sections from Ohio's sentencing code. The result is that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 8} In the case sub judice, appellant was sentenced afterFoster; and, therefore, the trial court had full discretion to impose prison sentences within the applicable statutory range and was not required to make findings, or give its reasons for the imposed sentences. Accordingly, there was no Blakely objection to have been raised at the time appellant was sentenced. Because there were noBlakely implications at the time appellant was sentenced, failure to raise Blakely during sentencing could not have constituted ineffective assistance of counsel. See, e.g., State v. Winbush (2006), Franklin App. No. 06AP-417, 2006-Ohio-6150. Consequently, appellant's first assignment of error is overruled.
 {¶ 9} In his second assignment of error, appellant asserts that the trial court committed plain error when it sentenced appellant in violation of the ex post facto and due process clauses of the United States Constitution. Essentially, appellant contends the severance remedy in Foster operates retrospectively and disadvantages him. However, as this, and other Ohio appellate courts have determined, the application of Foster to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process, or operate as an ex post facto law. State v. Hairston, Franklin App. No. 06AP-420, 2007-Ohio-143, citing State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899; State v. Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375; State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360; and State v. McGhee, Shelby App. No. 17-06-05,2006-Ohio-5162. Therefore, appellant's second assignment of error is overruled.
 {¶ 10} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BRYANT and WHITESIDE, JJ., concur.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.