DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Janet L. Bruce, defendant below and appellant herein, pled guilty to two counts of burglary in violation of R.C. 2911.12(A)(3). Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM AND CONSECUTIVE PRISON SENTENCES." *Page 2 {¶ 2} On January 6, 2006, the Washington County Grand Jury returned an indictment charging appellant with the above mentioned burglary charges and a count of attempted burglary in violation of R.C. 2923.02(A)/R.C.2911.12(A)(3). Appellant initially pled not guilty to all three counts, but later agreed to plead guilty to the burglary charges in exchange for the dismissal of the attempted burglary charge.[1]
 {¶ 3} At the July 7, 2006 hearing the trial court endeavored to ascertain whether appellant understood her rights and the ramifications of the guilty pleas. The court then accepted appellant's pleas, found her guilty and dismissed count three of the indictment. Subsequently, the court sentenced appellant to serve four years imprisonment on each count with the sentences to be served consecutively. This appeal followed.
 {¶ 4} Appellant asserts in her assignment of error that subsequent to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856, which struck down various portions of Ohio's felony sentencing law, the trial court's imposition of prison sentences beyond the statutory minimum and its decision to order those sentences to be served consecutively, violate her rights under the ex post facto clause of Article I, Section 10, of the United States Constitution and the Due Process Clause of the Fourteenth Amendment. We disagree. *Page 3 
 {¶ 5} First, the court decided Foster on February 27, 2006. The court held appellant's sentencing hearing on August 7, 2006. Appellant should have raised this argument during the hearing so that the trial court could have addressed it. She did not and that failure waives the issue on appeal. See State v. Close, Washington App. No. 03CA30,2004-Ohio-1764, at ¶ 19; State v. Smith, Highland App. No. 01CA13, 2002-Ohio-3402, at ¶ 18; In re Cazad, Lawrence App. No. 04CA36,2005-Ohio-2574, at ¶ 48.
 {¶ 6} Additionally, assuming arguendo that appellant had properly preserved the issue for appeal, we are not persuaded that it has merit. On several occasions we have considered the same ex post facto argument that appellant raises herein and we have rejected it each time. SeeState v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12;State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Other Ohio appellate courts have rejected it as well. See State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; State v.Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v.Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23; State v.Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶¶ 10.[2]
 {¶ 7} We find nothing in appellant's brief to prompt us to re-visit that conclusion and we continue to adhere to Henry and *Page 4 Grimes. Thus, for the reasons stated in those cases, we conclude that the trial court did not violate appellant's rights by imposing non-minimum sentences or ordering that those sentences be served consecutively.
 {¶ 8} Accordingly, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Kline, J.: Concur in Judgment Opinion
[1] The prosecution also promised that in exchange for appellant's guilty pleas, it would not prosecute appellant on another, separate burglary and would also recommend concurrent sentences.
[2] While most of these cases dealt with an ex post facto and due process challenge to non-minimum sentences, we also found no violation of those constitutional protections in ordering prison sentences to be served consecutively in State v. Henry, Pickaway App. No. 06CA8,2006-Ohio-6942, at ¶¶ 10-12. *Page 1