DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated appeal from two Washington County Common Pleas Court judgments of conviction and sentence. Richard E. Thompson, defendant below and appellant herein, pled guilty to (1) attempted drug trafficking in violation of R.C. 2923.02 and R.C. 2925.03(A)(1) 
(C)(1)(a); and (2) engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1) (B)(1). Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR: *Page 2 
"THE TRIAL COURT ERRED BY IMPOSING NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION. FIFTH, SIXTH, ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; BLAKELY V. WASHINGTON
(2004), 542 U.S. 296; UNITED STATES V. BOOKER (2005), 543 U.S. 220."
SECOND ASSIGNMENT OF ERROR:
"TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THESIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO THE TRIAL COURT'S IMPOSITION OF NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES."
THIRD ASSIGNMENT OF ERROR:
"THE TRIAL COURT COMMITTED PLAIN ERROR AND DENIED MR. THOMPSON DUE PROCESS OF LAW BY IMPOSING NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES. FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION."
FOURTH ASSIGNMENT OF ERROR:
"THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES."
 {¶ 2} Appellant operated a home business selling drugs (primarily Oxycontin) or trading them in exchange for stolen merchandise. The Washington County Grand Jury returned indictments charging appellant with one count of trafficking in violation of R.C. 2925.03 (A)(1) 
(C)(2)(b), and one count of trafficking in violation of R.C.2925.03(A)(1) (C)(1)(c) (Case No. 06CR14). Appellant was also charged in a subsequent case with engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) (B)(1) (Case No. 06CR167).
 {¶ 3} Pursuant to a plea agreement, appellant pled guilty to an amended count of attempted trafficking and engaging in a pattern of corrupt activity in exchange for no additional charges or additional property forfeitures. At the plea change hearing, the trial court explained to appellant the charges *Page 3 
and his constitutional rights. After the court was satisfied that appellant understood his rights, and the nature of his plea, the court accepted appellant's pleas and found him guilty on both charges.
 {¶ 4} Subsequently, the trial court sentenced appellant to serve twelve months in prison for attempted trafficking (Case No. 06CR14) and four years for having engaged in a pattern of corrupt activity (Case No. 06CR167), with the sentences to be served consecutively. These appeals followed.[2]
 I {¶ 5} We jointly consider appellant's first, second and third assignments of error because they involve the same issue. Appellant asserts that subsequent to the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, which struck down various portions of Ohio's felony sentencing law, the trial court's imposition of prison sentences beyond the statutory minimum and its decision to issue consecutive sentences, violate his rights under the ex post facto clause of Article I, Section 10, of the United States Constitution and Due Process Clause of the Fourteenth Amendment. We disagree.
 {¶ 6} First, the court decided Foster on February 27, 2006. The court held appellant's sentencing hearing on July 20, 2006. Appellant should have raised this argument during the hearing so that the trial court could have addressed it. He did not and that failure waives the issue on appeal. See State v. Close, Washington App. No. 03CA30, 2004-Ohio-1764, at ¶ 19; State v. Smith, Highland App. No. 01CA13, 2002-Ohio-3402, at ¶ 18; In re Cazad, Lawrence App. No. 04CA36, 2005-Ohio-2574, at ¶ 48. *Page 4 
 {¶ 7} Additionally, assuming arguendo that appellant had properly preserved the issue for appeal, we are not persuaded that it has merit. On several occasions we have considered the same ex post facto argument appellant raises. Each time, we have rejected it. See State v.Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12; State v.Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Other appellate courts have rejected it as well. See State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; State v.Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v.Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23; State v.Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶¶ 10.[3]
 {¶ 8} We find nothing in appellant's brief to prompt us to re-visit that conclusion and we continue to adhere to Henry and Grimes. For the reasons stated in those cases, the trial court did not violate appellant's rights by imposing non-minimum sentences or ordering those sentences to run consecutive to one another.
 {¶ 9} Consequently, because the trial court did not err by imposing non-minimum and consecutive sentences, appellant cannot show that trial counsel was constitutionally ineffective for failing to raise this argument. To obtain the reversal of a conviction on grounds of ineffective assistance of counsel, an appellant must show (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. SeeStrickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052; also see State v. Issa (2001), 93 Ohio St.3d 49, 67,752 N.E.2d 904. To demonstrate prejudice, appellant must show a reasonable *Page 5 
probability exists that but for the alleged errors, the result of the proceeding would have been different. State v. White (1998),82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus. Because we have already held that non-minimum, consecutive sentences can be imposed subsequent to Foster, appellant cannot show that he was prejudiced by his counsel's failure to argue that point.
 {¶ 10} Nor can appellant demonstrate plain error. The plain error rule should not be invoked unless but for the error, the outcome of the proceeding would have been otherwise. See State v. Jackson (2001),92 Ohio St.3d 436, 438, 751 N.E.2d 946; State v. Sanders (2001),92 Ohio St.3d 245, 263, 750 N.E.2d 90; State v. Underwood (1983),3 Ohio St.3d 12, 444 N.E.2d 1332, at the syllabus. Here again, appellant cannot meet that burden in light of Grimes and Henry.
 {¶ 11} For these reasons, we hereby overrule appellant's first, second and third assignments of error.
 II {¶ 12} Appellant's fourth assignment of error asserts that a court's authority to impose discretionary consecutive sentences is set out in R.C. 2929.14(E)(4). Thus, in view of the fact that the Ohio Supreme Court in Foster held that statutory subsection unconstitutional, supra at paragraph three of the syllabus, trial courts no longer have discretionary authority to impose consecutive sentences at all. We disagree.
 {¶ 13} We acknowledge that read in isolation the third syllabus paragraph in Foster lends support to appellant's argument. That paragraph, however, must be read in pari materia with the fourth syllabus paragraph which states, *Page 6 
inter alia, that "R.C. 2929.14(E)(4) [is] capable of being severed. After the severance, judicial fact-finding is not required beforeimposition of consecutive prison terms." (Emphasis added.) We believe that the Ohio Supreme Court did not intend to strike down R.C.2929.14(E)(4) in its entirety; rather, the court struck down the statute to the extent that "judicial fact-finding" is necessary before a court orders consecutive sentences. See 2006-Ohio-856, at ¶ 99. For these reasons, we overrule appellant's fourth assignment of error.
 {¶ 14} Having considered all the errors assigned and argued in the brief, and having found merit in none, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[2] Appellant filed his notice of appeal in Case No. 06CR167 on September 13, 2006, beyond the p.R. 4(A) thirty day time limit. On October 18, 2006, we granted appellant leave to file a delaye peal. On November 13, 2006, we ordered the two appeals consolidated.
[3] While most of these cases dealt with an ex post facto and due process challenge to non-minimum ntences, we also found no violation of those constitutional protections in ordering prison sentenc run consecutively. See State v. Henry, Pickaway App. No. 06CA8,2006-Ohio-6942, at ¶¶ 10-12. *Page 1