DECISION AND JUDGMENT ENTRY
HARSHA, J.
{¶ 1} After James L. Henthorn pled guilty to one count of attempted rape, the trial court sentenced him to five years imprisonment — three years more than the minimum sentence for the offense. Henthorn appeals on the ground that he should have been sentenced to the minimum two year sentence for his crime. He asserts the severance remedy applied by the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, violates due process and ex post facto provisions of the United States Constitution. In essence he contends the court should have more selectively applied the severance remedy *Page 2 
by striking down only those sections requiring judicial fact finding and keeping intact that part of the statute that required minimum sentences. He argues the failure to do so violates the Constitution. Having previously rejected similar arguments, we reject them again here on the same basis: waiver and the merits. See State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942 and State v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360.
 {¶ 2} Because we reject the merits of Henthorn's due process and ex post facto arguments, we also reject his contentions that the trial court committed plain error by applying Foster to his sentencing and that his trial counsel was ineffective because he failed to object. Henthorn cannot demonstrate that the court committed plain error or that the outcome of his sentencing would have been different if his trial counsel had raised these arguments.
 {¶ 3} Finally, Henthorn contends that the Foster severance remedy violates the state and federal constitutions because it "directly conflicts with the Ohio Legislature's intent in enacting Senate Bill 2, the `truth-in-sentencing' reforms embodied in the severed statutes." He makes this claim without a citation to authority or a persuasive argument. Accordingly, we reject it summarily under the provisions of App.R. 16(A)(7). See State v. Watson (1998), 126 Ohio App.3d 316, 321,710 N.E.2d 340.
 I. Facts {¶ 4} A Washington County grand jury indicted Henthorn on one count of rape, a first degree felony, based on alleged sexual contact between Henthorn and a twelve year old girl. Subsequently, Henthorn reached an agreement with *Page 3 
the prosecution to plead guilty to one count of attempted rape, a second degree felony. As part of the plea agreement, the State recommended that Henthorn be sentenced to no more than four years incarceration, and stipulated that Henthorn is a sexually oriented offender. On July 5, 2006, the trial court sentenced Henthorn to a five year prison term and designated him a sexually oriented offender.
 {¶ 5} After the court sentenced Henthorn but before it journalized the sentencing entry, Henthorn filed a motion to reconsider his sentence. The court denied this motion without a hearing. Apparently, the prosecutor and defense counsel discussed Henthorn's motion to reconsider his sentence and decided that the court improperly denied the motion without a hearing. In a misguided effort to extend the time for filing a notice of appeal, the parties filed an agreed entry stating, "Defendant's time to file any appeal shall run from the filing of the Entry following Defendant's Motion to Reconsider Sentence, not the improper filing of the Sentencing Entry July 5, 2006 (sic)." In August 2006, the court issued a nunc pro tunc entry reversing its prior decision and scheduled a hearing on the motion. Subsequently, the trial court overruled Henthorn's motion to reconsider his sentence. This entry was journalized on August 24, 2006.
 {¶ 6} Henthorn filed a notice of appeal on September 12, 2006, seeState v. Henthorn, Washington App. No. 06CA49. However, we concluded the notice of appeal was untimely because the deadline for filing it was August 4, 2006-thirty days after the journalization of the July 5, 2006 sentencing entry. We pointed out the parties could not agree to extend the deadline for filing a notice of *Page 4 
appeal. Therefore, we dismissed Washington App. No. 06CA49 but subsequently granted Henthorn's motion for leave to file a delayed appeal.
 II. Assignment of Error {¶ 7} Henthorn appeals his sentence, asserting:
 The trial court erred when it sentenced Mr. Henthorn to serve a non-minimum prison term for his conviction of a second-degree felony, as that prison term contravened the Sixth Amendment to the United States Constitution. Blakely v. Washington (2004), 542 U.S. 296; United States v. Booker (2005), 543 U.S. 220. (July 5, 2006 Sentencing Entry, Sentencing T.p. 58).
 III. Foster {¶ 8} Henthorn contends the trial court should have sentenced him under the provisions for a minimum sentence that were in effect at the time he committed the attempted rape in December 2005. He argues the statutory presumption in R.C. 2929.14(B) that existed when he committed the offense entitles him to be sentenced to no more than the minimum two year prison allowable for a second-degree felony, rather than the five year term the trial court imposed after the Ohio Supreme Court's decision in Foster[1]
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Supreme Court of Ohio found that several of Ohio's sentencing statutes, including R.C. 2929.14(B), were unconstitutional to the extent they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences. Id. at paragraphs one, three, and five of the syllabus. *Page 5 
Applying the remedy used by the Supreme Court of the United States inUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, the Court severed the offending unconstitutional provisions in their entirety from the statutes. Foster at paragraphs two, four, and six of the syllabus, and ¶ 99. The Court stated that trial courts now "have full discretion to impose a prison sentence within the statutory range [of R.C. 2929.14(A)] and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at paragraph seven of the syllabus.
 {¶ 10} Trial and intermediate appellate courts in Ohio are bound to apply Foster as it is written. Because the Supreme Court of Ohio inFoster declared R.C. 2929.14(B) unconstitutional and severed it in toto from this state's sentencing statutes in February 2006, both trial courts and courts of appeal must apply the surviving statutes accordingly. Henthorn was not entitled to be sentenced in May 2006 under the former part of the statute providing for minimum sentences as it was a casualty of the severance remedy.
 IV. Due Process and Ex Post Facto Challenges {¶ 11} Henthorn argues that application of Fosters severance remedy to his case violates the Due Process and Ex Post Facto Clauses of the state and federal constitutions because it effectively increases the presumptive sentence that was in effect when he committed the crime for which he was sentenced.
 {¶ 12} Foster was decided on February 27, 2006, and the trial court conducted Henthorn's sentencing hearing on May 24, 2006. Henthorn could *Page 6 
have raised this argument during that hearing so that the trial court could have addressed it. His failure to do so constitutes a waiver of the issue on appeal. See State v. Grimes, Washington App. No. 06CA17,2006-Ohio-6360, at ¶ 7 and cases cited there.
 {¶ 13} Nonetheless, assuming arguendo that he preserved the issue for appeal, we reject Henthorn's claim on the merits. This Court, as well as other intermediate appellate courts in Ohio, has determined that application of Foster to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process or operate as an ex post facto law. See State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 8-11; Grimes, supra, at ¶¶ 9-10; State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162;State v. Cain, Franklin App. No. 06AP-682, 2007-Ohio-945, at ¶ 6;State v. Hildreth, Lorain App. No. 06CA008879, 2006-Ohio-5058, at ¶ 10;State v. Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125, at ¶¶41-42. While recognizing Henthorn's need to preserve these issues for further review, we see no reason to revisit or reject our prior decisions.
 {¶ 14} Henthorn also argues that the trial court committed plain error by applying Foster to his sentencing in violation of his constitutional rights. Plain error does not exist unless it can be said that, but for the error, the outcome would clearly have been different. State v.Moreland (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894. Having already found that the trial court was required to apply Foster to Henthorn's sentencing, we find no error, plain or otherwise.
 {¶ 15} Finally, Henthorn contends that his trial counsel provided ineffective *Page 7 
assistance by failing to raise the ex post facto and due process challenges to Foster at the sentencing hearing. In order to prevail on an ineffective assistance of counsel claim, Henthorn must meet the two-prong test outlined in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. First, Henthorn must show that counsel's performance was deficient. The second prong of theStrickland test requires him to prove prejudice in order to prevail. Id. at 692. Failure to satisfy either prong is fatal as the accused's burden requires proof of both elements. See State v. Drummond,111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205 (requires that the defendant show, first, that counsel's performance was deficient and, second, the deficient performance prejudiced the defense). [Emphasis supplied.]
 {¶ 16} Even if we assume that defense counsel's performance was deficient because he failed to raise the ex post facto and due process challenges at the sentencing hearing, Henthorn cannot demonstrate that he has been prejudiced by this alleged failure. We have already concluded that application of Foster to defendants who committed their offenses before that decision was released does not violate constitutional principles of due process or operate as an ex post facto law. Therefore, there is no reasonable probability that had this argument been raised at sentencing, the outcome of the proceeding would have been different. Strickland at 694.
 V. Conclusion {¶ 17} We find no error in the trial court's decision to impose a non-minimum sentence. *Page 8 
 JUDGMENT AFFIRMED.
[1] Henthorn also refers to R.C. 2929.14(C), which governed the imposition of maximum sentences. However, the maximum sentence for a second degree felony is eight years and Henthorn was sentenced to only five years. Therefore, we fail to see its relevance here.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 McFarland, P.J. Abele, J.: Concur in Judgment and Opinion. *Page 1