DECISION AND JUDGMENT ENTRY
{¶ 1} Clarence Dobbins ("Appellant") appeals from a Washington County Common Pleas Court judgment of conviction and sentence. He argues that the trial court erred when it sentenced him to serve a prison term that exceeded the minimum term of incarceration and was to be served consecutively to the other terms imposed. Because the trial court enjoys the right to impose such a sentence under the decision set forth inState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, we affirm its judgment. *Page 2 
 I. Facts {¶ 2} On December 4, 2006, the Appellant entered pleas of guilty to two counts of unlawful sexual conduct with a minor, one count of sexual battery, and one count of gross sexual imposition, each third degree felonies. The victims of the offenses were the Appellant's stepdaughters. In the course of his Crim.R. 11 dialogue with the trial court, the Appellant was warned prior to the time at which he entered his plea that the maximum penalty he could receive as a result of a guilty plea was five years on each count and a $40,000.00 fine. He personally acknowledged to the trial judge that he understood the charges, the elements, and the penalty provisions.
 {¶ 3} In exchange for the Appellant's pleas of guilty to each count, the State ("Appellee") agreed that no additional charges relating to the Appellant's sexual behavior with his stepdaughters would be filed and that the Appellee would stipulate that the Appellant was a sexually oriented offender. The trial court specifically warned the Appellant that he could receive the maximum penalty under law. The Appellant tendered no argument or objection at that time regarding the possibility of the imposition of a maximum sentence.
 {¶ 4} On January 9, 2007, the Appellant was sentenced to serve four years in prison on each of the four counts, to be served consecutively. *Page 3 
Appellant did not object at that time to his sentence, the possibility that the findings made by trial judge were unconstitutional, or that the holding in Foster resulted in the imposition of an ex post facto penalty. The Appellant now appeals from the trial court's sentence, asserting the following assignment of error:
 {¶ 5} 1. THE TRIAL COURT ERRED WHEN IT SENTENCED CLARENCE DOBBINS TO SERVE A PRISON TERM THAT EXCEEDED MINIMUM, CONCURRENT TERMS OF INCARCERATION. THE SENTENCE IMPOSED WAS BASED ON FACTS THAT WERE NOT FOUND BY A JURY OR ADMITTED BY MR. DOBBINS, IN CONTRAVENTION OF HIS RIGHTS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 II. {¶ 6} In his sole assignment of error, the Appellant argues that the trial court erred when it sentenced him to serve more-than-minimum, consecutive sentences. He contends that subsequent to the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1, 845 NE.2d 470,2006-Ohio-856, which struck down various portions of Ohio's felony sentencing law, the trial court's imposition of prison sentences beyond the statutory minimum and its decision to order those sentences to be served consecutively violates his due process rights, as well as the safeguards against ex post facto laws. We disagree. *Page 4 
 {¶ 7} First, Foster was decided on February 27, 2006. The trial court held the Appellant's sentencing hearing on January 9, 2007. The Appellant should have raised the instant argument during the hearing so that the trial court could have addressed it. He failed to do so and that failure waives the issue on appeal. See State v. Close, Washington App. No. 03CA30, 2004-Ohio-1764, at ¶ 19; State v. Smith, Highland App. No. 01CA13, 2002-Ohio-3402, at ¶ 18; In re Cazad, Lawrence App. No. 04CA36, 2005-Ohio-2574, at ¶ 48; State v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938.
 {¶ 8} Additionally, assuming arguendo that the Appellant had properly preserved the issue for appeal, we are not persuaded that it has merit. On several occasions we have considered the same ex post facto argument that the Appellant raises herein and we have rejected it each time. SeeState v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12;State v. Grimes, Washington App. No. 04CA17, 2006-Ohio-6360, at ¶¶ 8-11. Other Ohio appellate courts have rejected it as well. See State v.Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; State v.Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v.Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23; State v.Hildreth, Lorain App. No. 06CA8879, 2006-Ohio-5058, at ¶ 10. While most of these cases dealt with ex post facto and due process challenges to non-minimum *Page 5 
sentences, we also found no violation of those constitutional protections in ordering prison sentences to be served consecutively inState v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 10-12.
 {¶ 9} As such, we find nothing in the Appellant's brief to prompt us to revisit that conclusion and we continue to adhere to Henry andGrimes. Thus, for the reasons stated in those cases, we conclude that the trial court did not violate the Appellant's rights by imposing non-minimum sentences or ordering that those sentences be served consecutively. Accordingly, we hereby overrule the Appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed. The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1