[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} After Aaron Hall pled guilty to two counts of theft and one count of receiving stolen property, the trial court imposed a non-minimum prison term for each count and ordered two of the terms to run consecutively. Hall appeals and contends that he is entitled to minimum, concurrent sentences. He asserts that the severance remedy applied by the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, violates due process and ex post facto provisions of the United States Constitution. Having previously rejected similar arguments, we reject them again here on the same basis: forfeiture and the merits. State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942;State v. Grimes, Washington App. No. 06CA17, 2006-Ohio-6360; State v.Thompson, Washington App. Nos. 06CA43 and 06CA50, 2007-Ohio-2724. *Page 2 
 {¶ 2} Based upon the Supreme Court of Ohio's recent decision inState v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, we reject his contentions that the trial court committed plain error by applyingFoster to his sentencing. And because Hall cannot demonstrate that the outcome of his sentencing would have been different if his trial counsel had objected, we reject his claim of ineffective assistance of counsel.
 {¶ 3} Finally, Hall contends that after Foster trial courts no longer have authority to impose non-minimum and consecutive sentences. Because trial courts expressly have the discretion to impose such sentences under Foster, we reject this argument as well.
 I. Facts {¶ 4} In December 2006, an Adams County grand jury indicted Hall on two counts of theft with a specification and one count of receiving stolen property, all felonies of the fifth degree, for offenses Hall allegedly committed on November 28, 2006. Subsequently, Hall pled guilty to the charges in the indictment. For each offense, the court sentenced Hall to a ten-month prison term — more than the six-month minimum prison term provided in R.C. 2929.14(A) for a fifth-degree felony — and ordered him to serve the first two terms consecutively and the last term concurrently.
 II. Assignments of Error {¶ 5} Hall appeals his sentence, raising the following assignments of error: *Page 3 
First Assignment of Error:
 The trial court erred by imposing non-minimum and consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Blakely v. Washington (2004), 542 U.S. 296; United States v. Booker (2005), 543 U.S. 220.
Second Assignment of Error:
 The trial court committed plain error and denied Mr. Hall due process of law by imposing non-minimum and consecutive sentences. Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution.
Third Assignment of Error:
 The trial court did not have the authority to impose non-minimum and consecutive sentences.
 III. Due Process and Ex Post Facto Claims {¶ 6} Hall contends the trial court erred when it sentenced him to serve non-minimum, consecutive sentences. He contends that subsequent to the Supreme Court of Ohio's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, which struck down various portions of Ohio's felony sentencing law, the trial court's imposition of prison sentences beyond the statutory minimum and its decision to order those sentences to be served consecutively violates his due process rights as well as the safeguards against ex post facto laws. We disagree.
 {¶ 7} Foster was decided on February 27, 2006. The trial court conducted Hall's sentencing hearing on May 21, 2007. Hall could have raised this argument during that hearing so that the trial court could have addressed it. His failure to do so constitutes a forfeiture of the issue. See Payne at ¶ 21-23. *Page 4 
 {¶ 8} Nonetheless, had Hall preserved the issue for appeal, we would reject his claim on the merits. This court has considered numerous times the same ex post facto and due process arguments raised by Hall. Each time we have addressed these arguments, we have rejected them. SeeState v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942; State v.Grimes, Washington App. No. 06CA17, 2006-Ohio-6360; State v.Hardesty, Pickaway App. No. 07CA2, 2007-Ohio-3889; State v.Dobbins, Washington App. No. 07CA6, 2007-Ohio4923; State v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938; State v. Thompson, Washington App. Nos. 06CA43 and 06CA50, 2007-Ohio-2724; State v.Cross, Washington App. No. 06CA47, 2007-Ohio-2252. Other Ohio appellate courts have rejected the same ex post facto and due process arguments as well. See State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715;State v. Lowe, Franklin App. No. 06AP673, 2007-Ohio-504; State v.Shield, Shelby App. No. 90616, 2007-Ohio-462; State v. Hildreth, Loraine App. No. 06CA8879, 2006-Ohio-5058; State v. Thrasher, Wood App. No. WD06047, 2007-Ohio-2838; State v. Bengal, Lake App. No. 2006L123, 2007-Ohio-2691. While recognizing Hall's need to preserve these issues for further review, we see no reason to revisit or reject our prior decisions.
 {¶ 9} Furthermore, Hall actually committed his crimes after the Ohio Supreme Court issued its decision in Foster and was not merely sentenced after the decision. At the time he committed his crimes, Hall not only knew the statutory range of prison terms for his crimes, which were the same pre-Foster and post-Foster, he was on notice that theFoster severance remedy would apply *Page 5 
to him. Thus, it is difficult to understand how due process is implicated in this case.
 IV. Plain Error {¶ 10} Next, Hall contends that the trial court committed plain error by applying Foster to his sentencing in violation of his constitutional rights and the United States Supreme Court's decision in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. Plain error does not exist unless it can be said that, but for the error, the outcome would clearly have been different. State v. Moreland (1990),50 Ohio St.3d 58, 62, 552 N.E.2d 894. Because Hall cannot establish "but for" the purported Blakely error he would have received a more lenient sentence, no plain error occurred. Payne at ¶ 25. Foster did not adopt the proposed remedy of mandatory minimum sentences; rather, it returned to a system of judicial discretion that would allow the sentencing court to consider all relevant factors and impose any sentence within the statutory range. Id. at ¶ 26.
 V. Ineffective Assistance of Counsel {¶ 11} Hall also contends that his trial counsel provided ineffective assistance by failing to raise the ex post facto and due process challenges to Foster at the sentencing hearing. In order to prevail on an ineffective assistance of counsel claim, Hall must meet the two-prong test outlined in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. First, Hall must show that counsel's performance was deficient. The second prong of the Strickland test requires him to prove prejudice in order to prevail. Id. at 692. *Page 6 
Failure to satisfy either prong is fatal as the accused's burden requires proof of both elements. See State v. Drummond,111 Ohio St.3d 14, 2006-Ohio-5084, ¶ 205 (requiring that the defendant show, first, that counsel's performance was deficient and, second, the deficient performance prejudiced the defense).
 {¶ 12} Even if we assume that defense counsel's performance was deficient because he failed to raise the ex post facto and due process challenges at the sentencing hearing, Hall cannot demonstrate that he has been prejudiced by this alleged failure. We have already concluded that the Foster severance remedy does not violate constitutional principles of due process or operate as an ex post facto law. Therefore, there is no reasonable probability that had this argument been raised at sentencing, the outcome of the proceeding would have been different.Strickland at 694.
 VI. Non-minimum Consecutive Sentences {¶ 13} Finally, Hall contends that trial courts have no authority post-Foster to order non-minimum and consecutive sentences. We disagree. Although Foster found that several of Ohio's sentencing statutes were unconstitutional to the extent they required judicial fact-finding before imposition of maximum, consecutive, or greater-than-minimum sentences, the remedy the Court applied was severance of the offending provisions from the statutes. Foster, at paragraphs one, two, three, four, five, and six of the syllabus. Nothing in Foster, however, suggests that the Court eliminated non-minimum or consecutive sentencing. To the contrary, the Court explicitly stated that trial courts now "have full discretion to impose a prison sentence within the statutory range [of R.C. *Page 7 2929.14(A)] and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Additionally, the Court explicitly rejected an argument that minimum, concurrent sentences must be imposed after R.C. 2929.14(E)(4) and R.C. 2929.41(A) have been found unconstitutional. Id. at ¶¶ 88-89. In dicta, the Supreme Court of Ohio reaffirmed this position in Payne, supra, at ¶ 25 (" . . . we did not adopt their proposed remedy of mandatory minimum sentences."). Furthermore, we have previously held that trial courts enjoy the right to impose non-minimum, consecutive sentences under Foster. See State v.Dobbins, Washington App. No. 07CA6, 2007-Ohio-4923; State v. Scott, Pickaway App. No. 07CA5, 2007-Ohio-3543; State v. Thompson, Washington App. Nos. 06CA43 and 06CA50, 2007-Ohio-2724. Payne validates our interpretation of Foster.
 VII. Conclusion {¶ 14} The issues raised by Hall in his assignments of error have been addressed by this court and the Supreme Court of Ohio. While we acknowledge Hall's need to preserve the issues for further review, we find no error in the trial court's decision to impose non-minimum, consecutive sentences.
 JUDGMENT AFFIRMED. *Page 8 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. Kline, J.: Concur in Judgment and Opinion. *Page 1