DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment. Dennis Noland, defendant below and appellant herein, previously pled guilty to rape in violation of R.C. 2907.02(A)(1)(c). Appellant assigns the following error for review:
 "THE TRIAL COURT DENIED MR. NOLAND DUE PROCESS OF LAW BY IMPOSING THE MAXIMUM *Page 2 
TERM OF IMPRISONMENT ON HIM, IN VIOLATION OF THE EX POST FACTO DOCTRINE."
 {¶ 2} In 1997, appellant impregnated his stepdaughter who, although twenty-two years old at the time, had the mental capacity of a three and a half (3½) year old child. It took several years to discover that appellant is the father and, on August 10, 2000, the Washington County Grand Jury returned an indictment charging him with rape. Appellant subsequently pled guilty and the trial court sentenced him to serve ten years imprisonment.
 {¶ 3} This Court affirmed appellant's conviction and sentence inState v. Noland, Washington App. No. 02CA28, 2003-Ohio-1386 (NolandI). The Ohio Supreme Court reversed our decision, however, and remanded the matter for re-sentencing. See State v. Noland, 99 Ohio St.3d 474,793 N.E.2d 482, 2003-Ohio-4167 (Noland II).[2] The trial court then re-sentenced appellant to serve the same ten year term of imprisonment. We affirmed the judgment in State v. Noland, Washington App. No. 04CA9,2004-Ohio-5944 (Noland III).
 {¶ 4} Several years later, appellant filed a petition for habeascorpus in the United States District Court, Southern District of Ohio, and claimed that his Noland III sentence violated Blakely v.Washington (2004), 542 U.S. 296, 159 L.Ed .2d 403, 124 S.Ct. 2531. The United States District Court agreed and, on October 18, 2007, issued a conditional grant of habeas corpus that ordered appellant's release unless he was re-sentenced *Page 3 
sentenced within ninety days. See Noland v. Hurley (2007),523 F.Supp. 659, 663 (Noland IV).[3] At appellant's third sentencing hearing, the trial court imposed a ten year sentence of imprisonment. This appeal followed.
 {¶ 5} Although this case's long procedural history appears to be somewhat convoluted, the substantive issue on appeal is a question that we have addressed many times. Appellant asserts that subsequent to the Ohio Supreme Court's ruling in State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856, which struck down various parts of Ohio's felony sentencing statutes as unconstitutional, any prison sentence that extends beyond the statutory minimum violates the ex post facto clause of Article I, Section 10, of the United States Constitution and the Due Process Clause of the Fourteenth Amendment. We disagree.
 {¶ 6} As appellee correctly notes in its brief, many times we have considered and rejected this argument. See e.g. State v. Napper, Ross App. No. 07CA2975, 2008-Ohio-255, at ¶ 15; State v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938, at ¶ 6; State v. Henry, Pickaway App. No. 06CA8, 2006-Ohio-6942, at ¶¶ 11-12. Other Ohio appellate courts have rejected appellant's position as well. See e.g. State v. Smith, Hamilton App. No. C-060991, 2008-Ohio-2561, at ¶ 19; State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶¶ 40-47; State v. Lowe, Franklin App. No. 06AP-673, 2007-Ohio-504, at ¶ 9; State v. Shield, Shelby App. No. 9-06-16, 2007-Ohio-462, at ¶¶ 21-23. *Page 4 
¶¶ 21-23.
 {¶ 7} Thus, in the case sub judice we find nothing to prompt us to revisit this issue and, consequently, we adhere to our previous rulings. Accordingly, appellant's assignment of error is therefore without merit and is hereby overruled. We hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[2] The reversal of our decision in Noland I was premised on the Ohio Supreme Court's decision in State v. Comer, 99 Ohio St.3d 463,793 N.E.2d 473, 2003-Ohio-4165, which was decided on August 27, 2003, the same day the Ohio Supreme Court ruled in Noland II and more than five months after our decision in Noland I.
[3] The Ohio Supreme Court ruled in State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856, at paragraph one of the syllabus, thatBlakely mandated that portions of Ohio's felony sentencing provisions be ruled unconstitutional. However, Foster applied only to cases pending on appeal at the time it was decided. Id. at ¶ 106. Our decision inNoland III was rendered November 3, 2004. Foster was not decided until over a year later, on February 27, 2006. Thus, the re-sentencing remedy of Foster was not available to appellant in state court. *Page 1