OPINION
{¶ 1} Defendant-appellant, Russell Newsome ("Newsome") appeals from the decision of the Ashtabula County Court of Common Pleas, sentencing him to consecutive terms of imprisonment. We affirm the decision of the trial court.
 {¶ 2} On January 23, 3003, the Ashtabula County Grand Jury charged Newsome with six felony counts, including attempted murder, felonious assault, burglary, vandalism, escape, and breaking and entering. The charges arose from a January 12, 2003 incident wherein Newsome forced his way into the home of Hargis Hall ("Hall") and stabbed Hall during a subsequent altercation. After his arrest, Newsome broke free from his holding cell at Ashtabula City Jail. Upon arraignment, Newsome pled not guilty to the charges.
 {¶ 3} On March 23, 2003, pursuant to a negotiated plea agreement, Newsome pled guilty to Felonious Assault, a second-degree felony under R.C. 2903.11(A)(1), and Escape, a third-degree felony, in violation of R.C. 2921.34. The State of Ohio dismissed all of the remaining counts related to this incident.
 {¶ 4} On May 16, 2003, Newsome appeared for his sentencing hearing. The trial court proceeded to sentence Newsome to eight years in prison under the felonious assault charge and two years under the escape charge, to be served consecutively. The court ordered that these sentences be served consecutively to two consecutive 12-month sentences imposed as the result of a trial held the previous day in Case Number 2002-CR-332, wherein Newsome was charged, under R.C. 2903.13(C)(4), with two counts of assault on a peace officer, a fourth-degree felony, for a total sentence of twelve years. Case Number 2002-CR-332 arose from an earlier incident unrelated to the felonious assault and escape charges against Newsome. Charges arising from both incidents were tried before the same judge. This court does not have any details on the record about the underlying incident resulting in these charges.
 {¶ 5} Newsome timely appealed, asserting a single assignment of error:
 {¶ 6} "The trial court erred in ordering appellant's sentences be served consecutively."
 {¶ 7} Newsome does not challenge the trial court's imposition of consecutive sentences for the felonious assault and escape charges, since R.C. 2929.14(E)(2), by its terms, requires that, "[i]f an offender who is an inmate in a jail * * * violates section * * * 2921.34 * * * any prison term imposed * * * shall be served by the offender consecutively * * * to any other prison term previously or subsequently imposed on the offender." Rather, Newsome argues that the imposition of consecutive sentences for the felonious assault charge, with the sentences previously imposed for his conviction on two counts of assault on a peace officer, is contrary to law.
 {¶ 8} An appellate court reviews a felony sentence under a clear and convincing evidence standard of review. R.C. 2953.08(G)(2). In doing so, we conduct a meaningful review of the imposition of sentence. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 10. "`Meaningful review' means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is contrary to law." Id., citing R.C. 2953.08. Clear and convincing evidence is that quantum of proof which will produce in the mind of the trier of fact a firm belief regarding the facts sought to be established. State v.Bradford (Jun. 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, at *3.
 {¶ 9} To impose consecutive sentences on a defendant, R.C. 2929.14(E)(4) requires that the trial court make three findings: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender[,] * * * [(2)] consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[,] * * * [and (3)] the court mustfind the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c)." Comer, 99 Ohio St.3d 463, at ¶ 13 (emphasis sic). These circumstances include: "(a) the offender was awaiting trial or sentencing or was under community control sanction; (b) the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct proves consecutive sentences are necessary to protect the public from future crime." State v. Thompson, 11th Dist. No. 2003-L-052, 2004-Ohio-2925, at ¶ 22, quoting State v. Earle, 11th Dist. No. 2001-L-159, 2002-Ohio-4510, at ¶ 6.; R.C. 2929.14(E)(4)(a)-(c).
 {¶ 10} In addition, this court has stated that "R.C. 2929.14(E)(4) must be read in conjunction with R.C. 2929.19(B)(2)(c), which requires a trial court to state `its reasons for imposing the consecutive sentences.' The reasons required by R.C. 2929.19(B)(2)(c) are separate and distinct from the finding required by R.C. 2929.14(E)(4)." State v.King, 11th Dist. Nos. 2000-L-143, 2000-L-144, 2001-Ohio-8758, 2001 Ohio App. LEXIS 5431, at *6 (citation omitted); accord Thompson, 2004-Ohio-2925, at ¶ 23. In imposing consecutive sentences, the trial court "must support its decision with specific findings at the sentencing hearing as to all three requirements of R.C. 2929.14(E)(4)." Comer, 99 Ohio St.3d 463, at ¶ 20.
 {¶ 11} When a trial court makes its findings under the sentencing statutes, only substantial compliance with the language of the sentencing statutes is required, as long as adequate reasons are given to support the court's findings. See, State v. Wilson, 11th Dist. No. 2002-L-023, 2003-Ohio-4599, at ¶ 14 ("R.C. 2929.14 does not require the trial court to ritualistically recite the exact words of the statute before imposing consecutive sentences * * * [h]owever, * * * the trial court is required to state sufficient supporting reasons for imposing such sentences.") (citations omitted).
 {¶ 12} Newsome concedes the court found and adequately supported, under R.C. 2929.14(E)(4), that consecutive sentences were warranted to punish the offender and protect the public from future crime. Newsome also concedes, under R.C. 2929.14(E)(4)(c), that the court properly found "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} However, Newsome believes that the court failed to give reasons in support of its finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. He argues that while the court adequately supported its findings in terms of the punishment being proportional to the seriousness of his crime, it failed to support its finding that the punishment was not disproportionate to the danger he presents to the public.
 {¶ 14} This court has stated, "[u]nder the second finding, the court must address both the seriousness of the immediate conduct and danger the offender poses to the public. The proportionality inquiry is conjunctive
and thus a lack of `disproportionality' must be found with respect to both seriousness and danger to the public." Wilson, 2003-Ohio-4599, at ¶ 12 (citations omitted) (emphasis added).
 {¶ 15} Upon careful review of the record, we find that in relation to consecutive sentences being proportional to the seriousness of the crime, the court found specifically that there was serious harm to the victim, the attack occurred in his home, and that the attack was unprovoked. The court also found that there was evidence that Newsome had taken some drug prior to the incident, and "that's an aggravating factor." The court also stated that "in a certain sense, [Newsome] was lucky that Mr. Hall didn't die or it would have been a murder case and you have received the benefit of the plea negotiation to make this a second degree felony, Felonious assault." Looking at these facts as a whole, the court concluded that any other means of sentencing would "not be commensurate with the seriousness of [Newsome's] conduct."
 {¶ 16} With respect to the necessity of imposing consecutive sentences being commensurate with the danger Newsome posed to the public, the court found specifically that, the serious harm caused to the victim, along with the fact that Newsome had "a number of prior assault convictions and other offenses of violence," it would "not be sufficient to protect to protect the public if I ran these sentences in any other way." These findings clearly and convincingly address the proportionality requirement of 2929.14(E)(4) as to both the seriousness of Newsome's crimes and the danger he poses to the public.
 {¶ 17} For the foregoing reasons, Newsome's assignment of error is without merit. The judgment of the Ashtabula Court of Common Pleas imposing consecutive sentences is affirmed.
CYNTHIA WESTCOTT RICE, J., concurs,
WILLIAM M. O'NEILL, J., dissents with a Dissenting Opinion.