JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Jose Nieves-Melendez appeals his sentence from the Cuyahoga County Court of Common Pleas. Finding error in the proceedings below, we vacate the sentence and remand for resentencing.
 {¶ 2} The defendant was charged in a 58-count indictment alleging ongoing abuse involving his seven-week-old son and his twenty-month-old son. He pled guilty to one count of felonious assault, a felony of the second degree, and two counts of endangering children, felonies of the third degree. The trial court sentenced him to five years for the felonious assault and two years on each of the endangering children counts. The sentences were ordered to run concurrently. The defendant appeals, advancing one assignment of error for our review.
 {¶ 3} "Jose Nieves-Melendez has been deprived of his liberty without due process of law and of his constitutional right to a trial by jury by the sentences which were more than the minimum for the reason that a jury did not find the facts which supported the imposition of the non-minimum sentences."
 {¶ 4} In this case, the defendant pled guilty to one felony of the second degree and two felonies of the third degree and was sentenced to more than the minimum term in prison on each count. The trial court imposed more than the minimum sentence pursuant to R.C. 2929.14(B) and 2929.19(B)(2), which the Supreme Court of Ohio has since declared unconstitutional and excised from the statutory scheme. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, ¶¶ 1-4, applying United States v. Booker (2005),543 U.S. 220; Blakely v. Washington (2004), 542 U.S. 296; andApprendi v. New Jersey (2000), 530 U.S. 466. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at paragraph 7 of the syllabus, and State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, paragraph 3 of the syllabus. Nevertheless, defendants who were sentenced under unconstitutional and now void statutory provisions must be resentenced. Foster, supra, ¶¶ 103-106. Consequently, we sustain the defendant's assignment of error, vacate his sentence, and remand this matter to the trial court for resentencing.
Sentence vacated; cause remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Blackmon, J., concur.