OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Brandi M. Yearian, appeals the judgment entered by the Portage County Court of Common Pleas. Yearian was sentenced to a 10-month prison term for her conviction for forgery.
 {¶ 2} In January 2004, Yearian was indicted on one count of forgery, in violation of *Page 2 
R.C. 2913.31, a fifth-degree felony, and one count of identity fraud, in violation of R.C. 2913.49, a fourth-degree felony. In July 2005, Yearian pled guilty to the forgery count. Upon recommendation of the state, the identity fraud count was dismissed.
 {¶ 3} On September 25, 2006, the trial court sentenced Yearian to a 10-month prison term for her conviction for forgery.
 {¶ 4} Yearian raises two assignments of error. Her first assignment of error is:
 {¶ 5} "The trial court erred to Ms. Yearian's prejudice by imposing more than the minimum sentence."
 {¶ 6} Yearian argues she was prejudiced by the fact that her crime was committed prior to the Supreme Court of Ohio's decision in State v.Foster,[1] but she was sentenced pursuant to the post-Foster version of the sentencing statutes. She argues that this exercise (1) violated the Due Process and Ex Post Facto Clauses of the United States Constitution, (2) violated her right to a trial by jury, (3) violated the principle of separation of powers, (4) denied her equal protection of the law, and (5) violated the rule of lenity.
 {¶ 7} Regarding Yearian's Due Process and Ex Post Facto Clause, separation of powers, and rule of lenity arguments, this court has recently rejected similar assignments of error in relation to a post-Foster sentencing case.[2] For the reasons stated in State v.Elswick, these arguments lack merit.
 {¶ 8} Yearian also advances an equal protection argument. As the Fifth Appellate District has noted in a post-Foster case, in the context of sentencing, "`an argument based on equal protection essentially duplicates an argument based on due *Page 3 
process.'"[3] In Yearian's argument, she contends that she is prejudiced because she committed her crime before Foster, but was sentenced after Foster. In Elswick, this court rejected a similar argument advanced as a due process challenge.[4] For the reasons stated in the Elswick opinion, we find Yearian's equal protection argument lacks merit.
 {¶ 9} Finally, Yearian asserts that her right to a jury trial was violated. Essentially, she asserts the severance remedy employed by the Supreme Court of Ohio was contrary to law.[5] She argues that the Supreme Court of Ohio "legislated" away her Sixth Amendment right to a trial by jury. The focus of Yearian's instant argument was sufficiently addressed in this court's analysis of the separation of powers and due process arguments in the Elswick case.[6] For the reasons set forth inElswick, Yearian's argument regarding the illegality of the Supreme Court of Ohio's opinion in State v. Foster lacks merit.
 {¶ 10} Yearian's first assignment of error is without merit.
 {¶ 11} Yearian's second assignment of error is:
 {¶ 12} "Ms. Yearian received ineffective assistance of counsel at her sentencing when trial counsel failed to object to the court's imposition of a sentence in violation of her rights under the Sixth andFourteenth Amendments to the Constitution of the United States." *Page 4 
 {¶ 13} In State v. Bradley, the Supreme Court of Ohio adopted the following test to determine if counsel's performance is ineffective: "[counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance."[7] Moreover, "`a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, * * * that course should be followed.'"[8]
 {¶ 14} Yearian contends her trial counsel was ineffective for failing to object to the trial court's imposition of sentence. However, in our analysis of Yearian's first assignment of error, we concluded that the trial court did not err in its imposition of sentence. Thus, Yearian's counsel was not ineffective for failing to object, and Yearian cannot demonstrate that she was prejudiced by the failure.
 {¶ 15} Yearian's second assignment of error is without merit.
 {¶ 16} The judgment of the trial court is affirmed.
DIANE V. GRENDELL, J., MARY JANE TRAPP, J., concur.
[1] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[2] State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 10-31, 32-39, and 41-44.
[3] State v. Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 22, quoting Chapman v. United States (1991), 500 U.S. 453, 465.
[4] State v. Elswick, at ¶ 10-31.
[5] See State v. Foster, supra, at paragraph two of the syllabus.
[6] State v. Elswick, at ¶ 10-39.
[7] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, adopting the test set forth in Strickland v. Washington
(1984), 466 U.S. 668.
[8] Id. at 143, quoting Strickland, 466 U.S. at 697. *Page 1