OPINION
{¶ 1} Ronald L. Pruitt, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court found appellant guilty, pursuant to a plea of guilty, of felonious assault, with a firearm specification, which is a violation of R.C. 2903.11, a second-degree felony.
 {¶ 2} For purposes of appellant's assignments of error herein, only a brief recitation of the facts is necessary. On October 24, 2006, the trial court entered a judgment and sentence upon a plea of guilty to one count of felonious assault, with *Page 2 
firearm specification, regarding offenses committed on January 16, 2006. Appellant was sentenced to serve a four-year term of incarceration for the felonious assault and a consecutive three-year term of incarceration for the gun specification. The sentences were to be served consecutively to the sentence in a Butler County case. Appellant has filed an appeal of that judgment, asserting the following four assignments of error:
 [I.] The trial court erred by imposing non-minimum, consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Blakely v. Washington (2004), 542 U.S. 296; United States v. Booker (2005), 543 U.S. 220.
 [II.] Trial counsel provided ineffective assistance, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to the trial court's imposition of non-minimum, consecutive sentences.
 [III.] The trial court committed plain error and denied Mr. Pruitt due process of law by imposing non-minimum, consecutive sentences. Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution.
 [IV.] The trial court did not have the authority to impose consecutive sentences.
 {¶ 3} Appellant argues in his first assignment of error that the trial court's sentence ordering him to serve non-minimum, consecutive prison sentences was violative of his right against ex post facto laws and his due process rights. Appellant asserts that the retroactive application of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, to his sentence is unconstitutional, and that he was entitled to receive minimum and concurrent prison terms as of the date of his offenses, based uponBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. InFoster, the Ohio Supreme Court held that, under the *Page 3 
United States Supreme Court's decisions in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, and Blakely, supra, portions of Ohio's sentencing scheme were unconstitutional because they required judicial fact finding before a defendant could be sentenced to more than the minimum sentence, the maximum sentence, and/or consecutive sentences. Id., at paragraph one of the syllabus. As a remedy, the Ohio Supreme Court severed the offending sections from Ohio's sentencing code. Thus, pursuant to Foster, trial courts had full discretion to impose a prison sentence within the statutory range and were no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than minimum sentences. Id., at ¶ 100.
 {¶ 4} Appellant argues that his sentence was unconstitutional. He maintains that, pursuant to the sentencing statutes in effect at the time his crimes were committed, there was a presumption of minimum, concurrent sentences. Appellant did not raise any constitutional objections to his sentences at the trial court level. "Constitutional arguments not raised at trial are generally deemed waived." State v.Trewartha, Franklin App. No. 05AP-513, 2006-Ohio-5040, at ¶ 28, citingState v. Awan (1986), 22 Ohio St.3d 120, paragraph three of the syllabus. Further, appellant was sentenced after Blakely but did not object to the trial court's sentence based on Blakely. Therefore, appellant has waived this challenge. State v. Draughon, Franklin App. No. 05AP-860, 2006-Ohio-2445, at ¶ 7; State v. Payne, Franklin App. No. 05AP-517, 2006-Ohio-2552, at ¶ 6 (Memorandum Decision).
 {¶ 5} Notwithstanding waiver, we find appellant's constitutional argument to be without merit. This court has addressed these issues in numerous recent opinions, most notably in State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899. In Gibson, this *Page 4 
court found the retroactive application of Foster did not violate the right to due process and the ex post facto clause. We determined that we were bound to apply Foster as it was written. Id., at ¶ 15, citingState v. Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375. We explained that it is unlikely the Ohio Supreme Court would direct inferior courts to violate the constitution, and in any event, inferior courts are bound by Ohio Supreme Court directives. Id., citing State v.Grimes, Washington App. No. 04CA17, 2006-Ohio-6360; State v.Hildreth, Lorain App. No. 06CA008879, 2006-Ohio-5058; and State v.Durbin, Greene App. No. 2005-CA-134, 2006-Ohio-5125. We further reasoned in Gibson that, because the criminal defendants were aware of the potential sentences at the time they committed their crimes, and because the remedial holding of Foster was not unexpected, Foster did not violate due process notions. Id., at ¶ 16, citing State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162. We also noted that the Fifth District Court of Appeals in State v. Paynter, Muskingum App. No. CT2006-0034, 2006-Ohio-5542, observed that several federal circuit courts have addressed these issues in relation to the United States Supreme Court's decision in United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, and rejected similar arguments regarding ex post facto and due process violations. Id., citing Paynter, at ¶ 42.
 {¶ 6} In the present case, like the defendant in Gibson, appellant knew the statutory range of punishments at the time he committed the offenses for which he was convicted. The statutory range of punishments has not changed in light of Foster. Thus, Foster did not judicially increase appellant's sentence, and it did not retroactively apply a new statutory term to an earlier committed crime. Further, "`at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum *Page 5 
and concurrent sentences.'" Gibson, supra, at ¶ 18, citingAlexander, at ¶ 8. Therefore, we conclude that the remedial holding ofFoster does not violate appellant's constitutional rights. For these reasons, and based upon our rationale in Gibson, we overrule appellant's first assignment of error.
 {¶ 7} Appellant argues in his second assignment of error that his trial counsel provided ineffective assistance for failing to object to the trial court's imposition of non-minimum, consecutive sentences. In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. Initially, appellant must show that counsel's performance was deficient. In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id., at 689. If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id, at 692. To meet that prong, appellant must show counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable. Id., at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694.
 {¶ 8} Even if this court were to assume that appellant's trial counsel was deficient for failing to assert an objection based uponFoster and Blakely, we can find no prejudice from trial counsel's failure. As we have already found above, the retroactive application ofFoster to his sentence was not unconstitutional, and appellant was not entitled to receive *Page 6 
minimum and concurrent prison terms pursuant to Blakely. Because appellant was not prejudiced by his counsel's failure to object to his sentence, appellant cannot demonstrate his counsel rendered ineffective assistance. Appellant's second assignment of error is overruled.
 {¶ 9} Appellant argues in his third assignment of error that the trial court committed plain error and denied him due process when it imposed non-minimum, consecutive sentences. Plain error does not exist unless it can be said that, but for the error, the outcome would clearly have been different. State v. Moreland (1990), 50 Ohio St.3d 58, 62. However, given our finding under our treatment of appellant's first assignment of error, we find no plain error. Therefore, appellant's third assignment of error is overruled.
 {¶ 10} Appellant argues in his fourth assignment of error that the trial court did not have the authority to impose consecutive sentences. Specifically, appellant maintains that, when the Ohio Supreme Court inFoster severed the unconstitutional provisions of R.C. 2929.14 and2929.41, it also severed constitutional sentencing law, i.e., the presumption for concurrent prison terms and the statutory authority to impose consecutive prison terms. Again, as discussed above, appellant failed to raise this issue during sentence; therefore, he has waived all but plain error. Regardless, the Ohio Supreme Court specifically determined in Foster that trial courts have full discretion to order consecutive or more than minimum prison sentences, so long as the sentence is within the statutory range. See Foster, at paragraph seven of the syllabus. Further, the court in Foster addressed severability at great length and found it proper to excise only the unconstitutional portions of those statutes while leaving the constitutional portions intact. *Page 7 
See Foster, at ¶ 90-99. As the Ohio Supreme Court has already directly spoken on these issues, we decline to address them further or challenge its mandate. Therefore, we find the trial court had the authority to impose a non-minimum, consecutive sentence. Appellant's fourth assignment of error is overruled.
 {¶ 11} Accordingly, appellant's first, second, third, and fourth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BRYANT and TYACK, JJ., concur. *Page 1