OPINION
{¶ 1} In the instant appeal, submitted on the record and the briefs of the parties, appellant, Russell Newsome, appeals the August 3, 2006 judgment entry of sentence in the Ashtabula County Court of Common Pleas, in which the court resentenced him to a total term of twelve years for his convictions on one count of Felonious Assault, one count of Escape, and two counts of Assault on a Police Officer. We affirm the judgment of the lower court. *Page 2 
 {¶ 2} Newsome originally pled guilty to the Felonious Assault and Escape charges as part of a negotiated plea agreement, which resulted in three other charges pending against him being nolled. These charges arose from a January 12, 2003 incident in which Newsome forced his way into the home of Hargis Hall and stabbed him. Subsequent to his arrest on this charge, Newsome broke free from his holding cell. State v.Newsome, 11th Dist. No. 2003-A-0069, 2005-Ohio-1104, at ¶¶ 2-3.
 {¶ 3} On May 16, 2003, the trial court sentenced Newsome to eight years in prison for his Felonious Assault and two years for his Escape convictions, to be served consecutively. Id. at ¶ 4. The trial court ordered that this sentence be served consecutively to consecutive 12 month sentences imposed the previous day following a trial held in Case Number 2002-CR-332, in which Newsome was convicted on two counts of Assault on a Peace Officer, for a total of twelve years in prison. Id. Newsome appealed the trial court's judgment of sentence on May 30, 2003. On March 11, 2005, this court affirmed the trial court's judgment. Id. at ¶ 17.
 {¶ 4} On April 26, 2005, Newsome filed a notice of appeal of this court's judgment with the Supreme Court of Ohio, which was accepted. On May 3, 2005, the Court reversed and remanded Newsome's case for a new sentencing hearing. See In re Ohio Criminal Sentencing StatutesCases, 109 Ohio St.3d 313, 2006-Ohio-2109, at ¶¶ 2, 42.
 {¶ 5} On remand, Newsome was again sentenced to an identical 12 year term of imprisonment pursuant to the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Newsome timely appealed, assigning the following as error: *Page 3 
 {¶ 6} "[1] The trial court erred in sentencing Russell Newsome to a non-minimum, consecutive prison term for Felonious Assault and Escape in violation of the United States Constitution and his rights under the Constitution [sic].
 {¶ 7} "[2.] Mr. Newsome received ineffective assistance of counsel at his sentencing when trial counsel failed to object to the court's imposition of a sentence in violation of his rights under the [S]ixth and [Fourteenth Amendments] to the [Constitution of the United States."
 {¶ 8} In his first assignment of error, Newsome argues he was prejudiced by the fact that his crime was committed prior to theFoster decision, and was sentenced under the post-Foster version of Ohio's Sentencing Statutes, which deprived him of the "presumptive" minimum sentence, i.e. the imposition of the statutory minimum, non-consecutive sentence for his crimes. He argues that in sentencing him to a greater-than-the-minimum, consecutive sentence, pursuant toFoster the trial court (1) violated his rights under the Due Process and Ex Post Facto Clauses of the United States Constitution; (2) violated his right to trial by jury under the Sixth and Fourteenth Amendments of the United States Constitution; (3) violated the principle of separation of powers; (4) violated the Equal Protection Clause; and (5) violated the rule of lenity. We disagree.
 {¶ 9} Newsome challenges the trial court's imposition of consecutive sentences for his Felonious Assault and Escape convictions. He also challenges the trial court's order that these sentences be served consecutively with his convictions in the other case. Since these present different issues, they will be dealt with separately.
 {¶ 10} With regard to R.C. 2929.14(E), Foster found the "judicial factfinding" required by section R.C. 2929.14(E)(4) to be unconstitutional, and found that this *Page 4 
portion of the statute was "capable of being severed." 2006-Ohio-856, at paragraphs three and four of the syllabus.
 {¶ 11} However, this court previously determined that the trial court's imposition of consecutive sentences for Newsome's Escape and Felonious Assault charge under R.C. 2929.14(E)(2) was non-discretionary, and thus, not subject to constitutional infirmity under Blakely v.Washington (2004), 542 U.S. 296. Newsome, 2005-Ohio-1104, at ¶ 7 ("R.C.2929.14(E)(2) * * * requires that, `if an offender who is an inmate in a jail * * * violates section * * * 2921.34 [the Escape statute] * * * any prison term imposed * * * shall be served by the offender consecutively * * * to any other prison term previously or subsequently imposed on the offender.'") (emphasis added).
 {¶ 12} Indeed, the Supreme Court, in Foster implicitly recognized that section (E)(2) of the statute was not subject to the same constitutional infirmities as R.C. 2929.14(E)(4) and, therefore, it survived as written after the severance of the offending sections. 2006-Ohio-856, at ¶¶ 66-67
("[E]xcept for certain enumerated statues [R.C. 2929.14(E)(1) through (3)] imposing nondiscretionary consecutive terms, judicial factfinding must occur before consecutive sentences may be imposed * * *. Thus, with [these] limited exceptions, the Ohio Revised Code provides that consecutive sentences in Ohio may not be imposed except after additional factfinding by the judge.") (emphasis added) (footnote omitted).
 {¶ 13} Accordingly, we conclude that the trial court did not commit constitutional error with regard to the imposition of consecutive sentences for these charges.
 {¶ 14} With regard to Newsome's arguments challenging the trial court's imposition of "non-minimum" sentences, and its order that Newsome's sentences for the Assault charges be served consecutively with the other charges, this court has *Page 5 
repeatedly rejected post-Foster sentencing challenges based upon identical Due Process, Ex Post Facto, separation of powers, and rule of lenity arguments. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695, at ¶¶ 20-24; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 30; State v. Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073, at ¶ 15; State v. Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062, at ¶ 15; State v. Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783, at ¶¶ 13-35.
 {¶ 15} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899, at ¶ 15; State v.Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9; United States v.Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 16} Our court has also previously addressed Newsome's Equal Protection Arguments, holding that "in the context of sentencing, `an argument based on equal protection essentially duplicates an argument based upon due process.'" State v. Yearian, 11th Dist. No. 2006-P-0106,2007-Ohio-2165, at ¶ 8, quoting State v. Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 22.
 {¶ 17} Since, as noted above, we have repeatedly found no merit to post-Foster sentencing challenges based upon identical constitutional and legal arguments to those offered here, Newsome's first assignment of error is without merit.
 {¶ 18} In his second assignment of error, Newsome argues that he received ineffective assistance of trial counsel, since counsel "failed to object" to the trial court's imposition of "more-than-the-minimum" and consecutive sentences. We disagree. *Page 6 
 {¶ 19} In State v. Bradley (1989), 42 Ohio St.3d 136, the Supreme Court of Ohio adopted the following test to determine if counsel's performance is ineffective: "[counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." Id. at paragraph two of the syllabus, following Strickland v. Washington (1984),462 U.S. 668. Moreover, "`a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, * * * that course should be followed.'" Id. at 143, quoting Strickland, 466 U.S. at 697.
 {¶ 20} In the case sub judice, Newsome was given an identical sentence to that imposed prior to the Foster decision, thus, he cannot demonstrate that he was prejudiced thereby. Furthermore, since we have concluded in our analysis of Newsome's first assignment of error that the trial court did not err in imposing Newsome's new sentence, his counsel was not ineffective for failing to object.
 {¶ 21} Newsome's second assignment of error is without merit.
 {¶ 22} For the foregoing reasons, we affirm the Judgment of the Ashtabula County Court of Common Pleas.
 CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J., concur. *Page 1