DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment of conviction and sentence. A jury found David R. Scott, defendant below and appellant herein, guilty of theft in violation of R.C. 2913.02. This appeal involves appellant's re-sentencing pursuant to remand.
 {¶ 2} Appellant assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
 "THE RESENTENCING COURT ERRED BY IMPOSING NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE UNITED STATES CONSTITUTION." *Page 2 
SECOND ASSIGNMENT OF ERROR:
 "TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, FOR FAILING TO OBJECT TO THE RESENTENCING COURT'S RETROACTIVE APPLICATION OF THE OHIO SUPREME COURT'S REMEDY IN STATE V. FOSTER."
THIRD ASSIGNMENT OF ERROR:
 "THE RESENTENCING COURT COMMITTED PLAIN ERROR AND DENIED MR. SCOTT DUE PROCESS OF LAW BY IMPOSING NON-MINIMUM, MAXIMUM, AND CONSECUTIVE SENTENCES."
FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT DID NOT HAVE THE AUTHORITY TO IMPOSE CONSECUTIVE SENTENCES."
 {¶ 3} On February 28, 2005, appellant snatched Lela Riegel's purse in the Circleville Wal-Mart parking lot. The jury found appellant guilty of theft and the trial court sentenced appellant to serve the maximum allowable prison term (twelve months) and ordered that the sentence be served consecutively to a Scioto County sentence. On appeal, we affirmed appellant's conviction in State v. Scott, Pickaway App. No. 06CA3,2006-Ohio-4731, but vacated his sentence and remanded the case for re-sentencing pursuant to State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856. At re-sentencing, the trial court imposed the same sentence. This appeal followed.
 I {¶ 4} We jointly consider appellant's first, second and third assignments of error because they raise related issues. First, appellant asserts that the trial court erred by imposing a non-minimum sentence and by ordering it to be served consecutively to his Scioto County sentence. Specifically, appellant contends that this order violated his Due Process *Page 3 
rights and the Ex Post Facto Clause of Article I, Section 10, of the United States Constitution. We disagree.
 {¶ 5} We have considered these arguments on several occasions and have rejected them each time. See e.g. State v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938, at ¶ 6; State v. Henry, Pickaway App. No. 06CA8,2006-Ohio-6942, at ¶¶ 11-12; State v. Grimes, Washington App. No. 04CA17,2006-Ohio-6360, at ¶¶ 8-11. Other appellate courts have rejected them as well. See e.g. State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715, at ¶¶ 40-47; State v. Lowe, Franklin App. No. 06AP-673,2007-Ohio-504, at ¶ 9; State v. Shield, Shelby App. No. 9-06-16,2007-Ohio-462, at ¶¶ 21-23; State v. Hildreth, Lorain App. No. 06CA8879,2006-Ohio-5058, at ¶¶ 10. Appellant cites nothing to prompt us to revisit these issues and we adhere to our previous rulings.
 {¶ 6} Appellant also argues that his counsel's failure to object to the trial court's "retroactive application" of Foster constitutes constitutionally ineffective assistance of counsel. Again, we disagree. Our review of the sentencing hearing transcript reveals that appellant himself objected to the imposition of "consecutive sentences" and that his attorney argued that appellant "must be given, as a matter of law . . . the minimum sentence." Thus, appellant did, in fact, raise the issue and preserve the issue for appeal. Assuming, however, that appellant had failed to raise the issue, we would nevertheless find no merit to appellant's argument that he received ineffective assistance. As we note above, the imposition of non-minimum or consecutive sentences does not violate appellant's rights. Thus, appellant cannot demonstrate prejudice and show that he is entitled to have his sentence vacated. SeeState v. Pruitt, Franklin App. No. 06AP-1184, 2007-Ohio-2331, at ¶ 8;State v. Yearian, Portage App. No. 2006-P-0106, 2007-Ohio-2165, at ¶ 14. *Page 4 
 {¶ 7} Finally, appellant contends that the imposition of a non-minimum, consecutive sentence constitutes plain error. We disagree. First, this issue has not been waived and the Crim.R. 52(B) plain error doctrine has not been implicated. Second, we find no constitutional violation in the imposition of a non-minimum, consecutive sentence in this case. If the trial court's decision is not erroneous, obviously plain error does not exist. For these reasons, we hereby overrule appellant's first, second and third assignments of error.
 II {¶ 8} Appellant asserts in his fourth assignment of error that the trial court's consecutive sentence constitutes error. Specifically, appellant argues that after Foster, trial courts have no authority to order consecutive sentences. We disagree.
 {¶ 9} Although the Ohio Supreme Court found in Foster that certain consecutive sentencing statutory provisions are unconstitutional, the Court severed those provisions from Ohio law, 2006-Ohio-856, at paragraph three of the syllabus. Nothing in Foster, however, suggests that the Court eliminated consecutive sentencing. To the contrary, the Court explicitly stated that trial courts retain discretion to impose consecutive sentences without stating their reasons for doing so. Id., at paragraph seven of the syllabus. The Court explicitly rejected an argument that minimum, concurrent sentences must be imposed after R.C.2929.14(E)(4) and R.C. 2929.41(A) have been found unconstitutional.Foster 2006-Ohio-856, at ¶¶ 88-89. Furthermore, one month afterFoster the Court referred to consecutive sentencing in State v.Saxon, 109 Ohio St.3d 176, 846 N.E.2d 824, 2006-Ohio-1245, at ¶ 9. Obviously, the Court envisioned consecutive sentencing to continue afterFoster. We note *Page 5 
that several Tenth District cases support our decision and have rejected the argument that trial courts have no authority post-Foster to impose consecutive sentences. See Pruitt, supra, at ¶ 10; State v.Worrell, Franklin App. No. 06AP-706, 2007-Ohio-2216, at ¶¶ 10-11;State v. Lariva, Franklin App. No. 06AP-758, 2007-Ohio-1012, at ¶¶ 4-12.
 {¶ 10} For these reasons, we find no merit in appellant's fourth assignment of error and it is consequently overruled. Having reviewed all the errors assigned and argued in the briefs, and having found merit in none of them, we hereby affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J. Kline, J.: Concur in Judgment Opinion
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk. *Page 1