JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Jose Nieves-Melendez appeals from the sentences imposed upon his convictions for felonious assault and child endangering. For the reasons set forth below, we affirm.
 {¶ 2} On April 29, 2005, defendant was indicted for four counts of felonious assault, six counts of attempted felonious assault, and forty-eight counts of endangering children. On July 27, 2005, he pled guilty to one count of felonious assault and two counts of endangering children. The following month, he was sentenced to concurrent five-year and two-year terms of imprisonment on these charges.
 {¶ 3} In February 2006, the Supreme Court decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. InFoster, the Court declared unconstitutional, and severed those provisions of Ohio's felony sentencing statutes requiring "judicial factfinding" before imposing a more than minimum sentence, maximum sentence, or consecutive sentences. Id. at paragraphs one and three of the syllabus (declaring R.C. 2929.14(B), (C), and (E)(4) unconstitutional). The Foster Court further held that, "[a]fter the severance, judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant" and "before imposition of consecutive prison terms." Id. Therefore, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make *Page 4 
findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at P.100.
 {¶ 4} Defendant challenged his sentence in a direct appeal to this court and complained that "a jury did not find the facts which supported the imposition of the non-minimum sentences." In a decision dated June 15, 2006, this court held that defendant was sentenced under unconstitutional and now void statutory provisions and that he must be resentenced pursuant to State v. Foster, supra. We therefore vacated his sentence, and remanded this matter to the trial court for resentencing. See State v. Nieves-Melendez, Cuyahoga App. No. 86993, 2006-Ohio-3012.
 {¶ 5} Following our remand, the trial court imposed the original sentence. Defendant now appeals and asserts that retroactive application of the Foster remedy violates his right to due process and the the Ex Post Facto Clause of the United States Constitution because it deprives him of the presumption of minimum, less than maximum and concurrent terms of imprisonment which were in place at the time of his conviction.
 {¶ 6} In State v. Green, Ashtabula App. Nos. 2005-A-0069, 0070,2006-Ohio-6695, the court determined that retroactive application ofFoster to a defendant's resentencing hearing does not violate the Ex Post Facto Clause. The Court stated:
 {¶ 7} "* * * the Ex Post Facto Clause typically applies to laws, not the judicial construction of laws. In order for the clause to apply to a judicial construction, that construction must be "unexpected and indefensible by reference to the law which *Page 5 
had been expressed prior to the conduct in issue." Rogers [v.Tennessee (2001)], 532 U.S. [451, 121 S. Ct. 1693, 149 L. Ed. 2d 697]. The Ohio Supreme Court's decision in Foster was neither unexpected nor indefensible by reference to prior law concerning the application of theSixth Amendment to sentencing enhancements.
 {¶ 8} "* * * [Moreover,] when a supreme court strikes down a law as unconstitutional, `the effect is not that the former was bad law, but that it never was the law.' Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209, 210, 129 N.E.2d 467." Accord State v. Elswick, Lake App. No. 2006-L-075, 2006-Ohio-7011.
 {¶ 9} Similarly, in State v. Smith, Montgomery App. No. 21004,2006-Ohio-4405, the Court stated:
 {¶ 10} "The statutory range of punishment Smith faced before the decision in Foster was between one and five years, and afterFoster, Smith still faces between one and five years when his case is remanded for resentencing. Just as in [United States v.] Jamison [(C.A. 7, 2005), 416 F.3d 538, 539, applying federal law], Smith was aware of the possible sentence he faced when committing the crime of felonious assault, and therefore, we conclude that the Ohio Supreme Court's decision in Foster does not violate the ex post facto clause." AccordState v. McGhee, Shelby No. 17-06-05, 17-06-05 2006-Ohio-5162.
 {¶ 11} Under S.B. 2, Ohio's sentencing statutes created a "presumption" that a defendant would be sentenced to the lowest prison term of those available for the degree of offense. The statutes created a "presumption" that a defendant would be *Page 6 
sentenced to concurrent sentences if more than one offense was committed, and the statutes created a "presumption" that a defendant would not receive the maximum penalty available for any offense. * * * By its very definition a presumptive sentence is not guaranteed. * * * Therefore, we cannot find a vested right has been affected byFoster.'"
 {¶ 12} With regard to the due process argument, we note that inState v. Elswick, supra, the court held that defendant was not denied due process following resentencing pursuant to Foster because there was no legislative alteration of Ohio's sentencing code post Foster The Court stated:
 {¶ 13} "The range of sentences available for third and fourth degree felonies remained unchanged. R.C. 2929.14(A)(3) and (4) provided fair warning to appellant that he could receive anywhere from one to five years for his third degree felony offense, and six to eighteen months for his fourth degree felony offense." Accord State v. McGhee, supra;State v. Pruitt, Franklin App. No. 06AP-1184, 2007-Ohio-2331.
 {¶ 14} By application of all of the foregoing, we hold that the sentencing proceedings following our Foster remand violate neither due process nor ex post facto protections. The decision in Foster was
neither unexpected and indefensible by reference to the law. Defendant pled guilty to one felony of the second degree. The range of punishment for such offenses is between two and eight years. R.C. 2929.14(A)(2). Defendant also pled guilty to two felonies of the third degree which *Page 7 
carry possible punishment of between one and five years. R.C.2929.14(A)(3). The statutory range of punishment has remained unchanged. This at all times provided defendant with fair warning of the sentence he could receive.
 {¶ 15} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1