DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. Donald Harris, Jr., defendant below and appellant herein, pled guilty to sexual battery and assigns the following error for review:
 "MR. HARRIS WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL ALLOWED HIM TO ACCEPT AN AGREED-UPON SENTENCE OF [A] NON-MINIMUM AND MAXIMUM *Page 2 
PRISON TERM."
 {¶ 2} On May 17, 2006, the Adams County Grand Jury returned an indictment charging appellant with rape. He later agreed to plead guilty to a lesser charge of sexual battery with the understanding that he would receive a maximum prison sentence of five years. The trial court accepted appellant's plea and sentenced him to serve five years. This appeal followed.
 {¶ 3} Appellant asserts that he received ineffective assistance from his trial counsel. In particular, appellant argues that his counsel should not have allowed him to accept a five year prison sentence for sexual battery when, in appellant's view, the longest sentence that could constitutionally be imposed on him is one year. The underlying premise to appellant's argument involves State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, in which the Ohio Supreme Court determined that several sentencing statutes were unconstitutional. Although the court held that trial courts now possess the full discretion to impose any sentence within the applicable statutory range, id. at paragraph seven of the syllabus, appellant argues the court was mistaken and that trial courts may only impose a statutory minimum sentence. Otherwise, appellant concludes, such action violates Due Process and operates as an impermissible ex post facto law. We disagree with appellant.
 {¶ 4} We have considered this argument on many occasions and have rejected it each time. See e.g. State v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938, at ¶ 8; State v. Henry, Pickaway App. No. 06CA8, 2006Ohio-6942, at ¶¶ 11-12; State v. Grimes, Washington App. No. 04CA17,2006-Ohio-6360, at ¶¶ 8-11. Other appellate courts have rejected it as well. See e.g. State v. Mallette, Cuyahoga App. No. 87984, *Page 3 2007-Ohio-715, at ¶¶ 40-47; State v. Lowe, Franklin App. No. 06AP-673,2007-Ohio-504, at ¶ 9; State v. Shield, Shelby App. No. 9-06-16,2007-Ohio-462, at ¶¶ 21-23; State v. Hildreth, Lorain App. No. 06CA8879,2006-Ohio-5058, at ¶ 10. Appellant cites nothing in his brief to cause us to reconsider our prior rulings and, thus, we adhere to them in this case.
 {¶ 5} An ineffective assistance claim requires a defendant to prove both deficient performance and prejudice. See Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052; also see State v. Issa (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904;State v. Goff (1998), 82 Ohio St.3d 123, 139, 694 N.E.2d 916. Because the trial court's imposition of a non-minimum sentence in the case sub judice constitutes neither a Due Process violation nor an impermissible ex post facto law, appellant cannot show prejudice arising from his counsel's failure to raise the argument. Thus, appellant cannot establish that he received ineffective assistance. State v. Scott, Pickaway App. No. 07CA5, 2007-Ohio-3543, at ¶ 6; State v. Henthorn, Washington App. No. 06CA62, 2007-Ohio-2960, at ¶ 16.
 {¶ 6} For these reasons, we find no merit in appellant's assignment of error. Accordingly, we hereby overrule the assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
 The Court finds there were reasonable grounds for this appeal. *Page 4 
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 McFarland, P.J. Harsha, J.: Concur in Judgment Opinion *Page 1