JOURNAL ENTRY AND OPINION
{para; 1} Defendant Thomas Doing appeals from the sentence imposed following his guilty pleas to attempted rape and gross sexual imposition. For the reasons set forth below, we affirm.
{para; 2} On January 12, 2005, defendant was indicted for one count of rape, with furthermore clauses alleging force and that the victim was under ten years old, two counts of kidnapping with a sexual motivation specification and two counts of gross sexual imposition. The state subsequently reduced the rape charge to a charge of *Page 3 
attempted rape, and dismissed the furthermore clauses of this charge, as well as the kidnapping charges and one of the charges of gross sexual imposition. On May 31, 2005, defendant then pled guilty to one count of attempted rape and one count of gross sexual imposition. On November 7, 2005, the trial court sentenced defendant to a total of ten years and determined that he is a sexual predator. On December 5, 2005, defendant appealed to this court. On February 27, 2006, the Ohio Supreme Court decided State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, and declared unconstitutional those provisions of the felony sentencing statutes which required "judicial fact-finding" before the court could impose more than a minimum sentence, maximum sentence, or consecutive sentence. Id. at paragraphs one and three of the syllabus. The Foster Court severed these statutes, R.C. 2929.14(B), (C), and (E)(4) and held that "[a]fter the severance, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant" and "before imposition of consecutive prison terms." Id.
{para; 3} Therefore, by application of the holding in Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id.
{para; 4} Based upon the holding of State v. Foster, supra, this court determined that the trial court had relied upon statutes that have since been declared unconstitutional, and we vacated defendant's sentence and remanded the matter for *Page 4 
re-sentencing.
{para; 5} On remand, the trial court again imposed a ten year term of imprisonment, ordering that defendant serve six years for attempted rape and a consecutive term of four years for gross sexual imposition. Defendant now appeals and assigns a single error for our review.
{para; 6} Defendant's assignment of error states:
{para; 7} "Defendant was improperly sentenced to more than the minimum, consecutive terms of imprisonment without findings by a jury or admission of the facts formerly required by R.C. 2929.14."
{para; 8} Within this assignment of error, defendant asserts that retroactive application of the Foster remedy is unconstitutional because it deprives him of the presumption of minimum, less than maximum and concurrent terms of imprisonment which were in place at the time of his conviction.
{para; 9} This court rejected this argument in State v.Nieves-Melendez, Cuyahoga App. No. 88739, 2007-Ohio-3662, in which this court determined that the retroactive application of Foster to
re-sentencing does not violate the Ex Post Facto Clause of the Constitution because it does not lead to a construction which is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." Id., citing to State v.Green, Ashtabula App. Nos. 2005-A-0069, 0070, 2006-Ohio-6695.
{para; 10} This Court additionally noted that the statutory range of punishment remained the same both before and after the decision inFoster and that the *Page 5 
defendant was aware of the possible sentence he faced at the time of his conviction. Id., citing to State v. Smith, Montgomery App. No. 21004,2006-Ohio-4405 and State v. McGhee, Shelby No. 17-06-05, 17-06-05,2006-Ohio-5162.
{para; 11} Finally, the court noted that although under S.B. 2, Ohio's sentencing statutes created a "presumption" that a defendant would be sentenced to the lowest prison term and a "presumption" that a defendant would be sentenced to concurrent sentences, by its very definition a presumptive sentence is not guaranteed so no vested right has been affected. State v. Nieves-Melendez, supra.
{para; 12} By application of all of the foregoing, we conclude that the trial court was not required to sentence defendant to minimum and concurrent prison terms, but was permitted, consistent with the Supreme Court's decision in State v. Foster, supra, to impose a sentence within the statutory range which remained unchanged.
{para; 13} The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to *Page 6 
Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and MARY J. BOYLE, J., CONCUR *Page 1