DECISION AND JUDGMENT ENTRY
¶ 1 This is an appeal from a Pickaway County Common Pleas Court re-sentencing. A jury found Troy A. Doyle, defendant below and appellant herein, guilty of (1) receiving stolen property in violation of R.C.2913.51, and (2) failure to comply with an order or signal of a police officer in violation of R.C. 2929.331. Appellant assigns the *Page 2 
following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY SENTENCING MR. DOYLE TO PRISON BASED ON FACTS NOT FOUND BY A JURY OR ADMITTED BY MR. DOYLE."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT VIOLATED THE EX POST FACTO CLAUSE WHEN IT ORDERED THAT MR. DOYLE'S DRIVER'S LICENSE BE SUSPENDED FOR THREE YEARS BECAUSE R.C. 2921.331(E), WHICH AUTHORIZES SUCH SUSPENSION, WAS NOT ENACTED UNTIL AFTER THE COMMISSION OF THE CRIMES OF WHICH MR. DOYLE WAS CONVICTED."[2]
 {¶ 2} We first pause to briefly recount appellant's case history. In 2003, appellant was convicted of receiving stolen property and failure to comply with the order of a police officer. We affirmed that conviction. See State v. Doyle, Pickaway App. No. 04CA23, 2005-Ohio-4072
(Doyle I). In 2005, appellant filed a pro se application to reopen his appeal and cited various alleged instances of appellate counsel's ineffective assistance. After we reviewed his application and the record, we denied his application. See State v. Doyle (Jan. 13, 2006), Pickaway App. No. 04CA23 (entry on application to reopen appeal)(Doyle II).
 {¶ 3} Ten days before our Doyle II decision, appellant filed a fourteen (14) page pro se motion "for counsel" and for "delayed reconsideration." Although the "motion" was untimely under App.R. 26(A) (B), and despite the fact that Ohio law does not allow *Page 3 
for successive and repetitive applications to reopen appeal, we agreed to reopen the case for the limited purpose of determining whether the trial court failed to comply with R.C. 2929.19(B)(3) when it did not inform him at sentencing that he would be subject to post-release control. State v. Doyle (Mar. 20, 2006), Pickaway App. No. 04CA23 (entry on application for delayed reconsideration/appointment of counsel)(Doyle III).
 {¶ 4} Once reopened, we agreed with appellant's argument that the trial court did not properly inform him about post-release control and, thus, vacated his sentences. See State v. Doyle, Pickaway App. No. 04CA23, 2006-Ohio-5211, at ¶¶ 9 12 (Doyle IV). At appellant's November 13, 2006 re-sentencing the trial court reimposed the same eighteen month consecutive sentences and warned appellant about post release control.
 I {¶ 5} Appellant's first assignment of error asserts that his sentence violates the Ex Post Facto Clause of the United States Constitution. InState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, the Ohio Supreme Court struck down several statutory provisions as violative of the Sixth Amendment. The gist of that argument is that imposing anything more than minimum, concurrent sentences violate the Ex Post Facto Clause of Article I, Section 10, United States Constitution and the Fourteenth Amendment's Due Process Clause.
 {¶ 6} We have previously considered this argument and have rejected it each time. See State v. Harris, Adams App. No. 07CA836, 2007-Ohio-4660, at ¶ 4; State v. Bruce, Washington App. No. 06CA40, 2007-Ohio-1938, at ¶ 8; State v. Henry, Pickaway App. No. 06CA8, 2006Ohio-6942, at ¶¶ 11-12;State v. Grimes, Washington App. No. *Page 4 
04CA17, 2006-Ohio-6360, at ¶¶ J8-11. Other districts have also rejected this argument. See State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715, at ¶¶ 40-47; State v. Lowe, Franklin App. No. 06AP-673,2007-Ohio-504, at]}9; State v. Shield, Shelby App. No. 9-06-16,2007-Ohio-462, at ¶¶ 21-23.
 {¶ 7} Moreover, appellant cites nothing in his brief to prompt us to reconsider our prior rulings. Thus, we adhere to our previous decision and overrule appellant's first assignment of error.
 II {¶ 8} Appellant's second assignment of error also asserts that he was subject to an ex post facto law. Appellant argues that the trial court suspended his driver's license pursuant to a statute that was not enacted until after he committed the various criminal offenses. We disagree with appellant.
 {¶ 9} Appellant's original June 21, 2004 judgment of conviction and sentence suspended appellant's driver's license for three years starting May 4, 2007.[3] Appellant did not claim in Doyle I or in any other previous appeals that his suspension was unconstitutional. The same penalty was re-imposed as part of the November 15, 2006 re-sentencing.
 {¶ 10} Although subsection (E) of R.C. 2921.331, which authorizes the suspension of driver's licenses for failure to comply with the order of a police officer, was not made effective until January 1, 2004, such penalty (as the State correctly notes *Page 5 
in its brief) was permitted under R.C. 4507.16(A)(1)(e). The same legislation that enacted subsection (E) of R.C. 2921.331 also amended R.C. 4507.16 so as to delete subpart (A)(1)(e). See S.B. No. 123, 2002 Ohio Laws file 184. In short, Senate Bill 123 simply moved the suspension penalty provision from R.C. 4507.16 to R.C. 2921.331. For these reasons, we find no ex post facto violation and we overrule appellant's second assignment of error.
 {¶ 11} Having reviewed both errors assigned and argued by appellant in his brief, and finding merit in none of them, the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, J. McFarland, J.: Concur in Judgment Opinion
[2] Appellant's brief contains a joint statement of assignments of error and issues presented for review. We note that App.R. 16(A)(3) (4) contemplates that these matters must be separate.
[3] The aggregate of appellant's two consecutive sentences was thirty six months. Thus, the license suspension was timed to take effect when the sentences were completed. *Page 1